**Roberto JUAREZ and Antonio Juarez, et al., Plaintiffs,**

v.

**CHEVRON USA, INC., Mark R. Lange & W.D. Hunter, Jr., Defendants.**

**Civil A. No. L–95–48.**

United States District Court, S.D. Texas, Laredo Division.

Nov. 15, 1995.

258

Gerald T. Drought, Martin, Drought & Torres, San Antonio, TX, for plaintiffs.

Patton G. Lochridge, McGinnis, Lochridge & Kilgore, Austin, TX, for defendants.

## MEMORANDUM AND ORDER

KAZEN, District Judge.

Pending is Plaintiffs' motion to remand this case to state court. In 1968, Plaintiffs leased the mineral fee to their property in Zapata County to Defendant Chevron's predecessor-in-interest. On April 13, 1995, they brought suit in state court alleging that Chevron, the current lessee, breached implied covenants under the lease and committed various common-law torts. The petition also names Chevron employees Mark Lange and W.D. Hunter as Defendants, charging that they committed fraud against Plaintiffs. Defendants removed, invoking the Court's diversity jurisdiction under 28 U.S.C. §§ 1441(a) and 1332(a). They claim that Lange and Hunter, both Texas citizens under § 1332, are nominal parties who were fraudulently joined to defeat the Court's subject-matter jurisdiction. Plaintiffs filed a timely motion to remand.

■ As the removing parties, Defendants must establish the existence of federal jurisdiction. *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir.1981). Where, as here, charges of fraudulent joinder are used to establish this jurisdiction, the burden of proving the alleged fraud falls upon the removing party. *Id.* Defendants bear a "heavy" burden. They must show that there is "no possibility that Plaintiff[s] would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *Id.* If there is any "possibility" whatsoever that Plaintiffs' claims against Hunter and Lange are valid, then the joinder was proper, and the case must be remanded. *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir.1992); *B., Inc.,* 663 F.2d at 550.

■ To help the Court make this determination, the parties may submit affidavits and excerpts from deposition transcripts. *B., Inc.,* 663 F.2d at 549. In making its ruling, the Court must resolve all disputed questions of fact and any uncertainties as to the current state of controlling substantive law in favor of Plaintiffs. *Id.*

Plaintiffs' claims against Lange and Hunter are for fraud and fraudulent concealment. Specifically, they maintain that Hunter, as a petroleum engineer employed by Chevron, and Lange, as Chevron's Land Representative, met with Plaintiffs and "knowingly concealed material information concerning the Leases from Plaintiffs and made false representations as to the actual situation concerning the Leases." Pls.' Orig.Pet. ¶ 33. The affidavits of Plaintiffs. Oscar Monsibais, Emma Martinez Monsibais, and Jose Roberto Juarez allege that Lange and Hunter made four separate misrepresentations to them. These all relate to an alleged attempt to hide from Plaintiffs the fact that Chevron itself was draining the gas under Plaintiffs' property by drilling wells on leaseholds it owned adjacent to Plaintiffs' property.

■ In Texas, a representation is actionable as fraudulent if it is (1) a material misrepresentation, (2) which was false, (3) which was either known to be false when made or was asserted without knowledge of the truth, (4) which was intended to be acted upon, (5) which was relied upon, and (6) caused injury. *Sears, Roebuck & Co. v. Meadows,* 877 S.W.2d 281, 282 (Tex.1994).

Defendants essentially advance three reasons why Plaintiffs' fraud claims against Lange and Hunter must fail. First, they contend Plaintiffs have failed to establish a tort separate and independent from the implied covenant claim against Chevron as required by the case law. Second, they maintain that Plaintiffs cannot establish reliance upon the alleged misrepresentations. Finally, Defendants present the affidavit testimony of Hunter and Lange, who claim they never made any misrepresentations to Plaintiffs.

### I. Separate and Independent Tort.

■ Defendants argue that Plaintiffs cannot succeed on their fraud claim against Lange and Hunter because it is inseparable and indistinguishable from the contract claim against Chevron for breach of the implied covenant to prevent drainage. The Texas Supreme Court has struggled to define a bright-line test for determining when a breach of a contract will also support a tort

claim. *Southwestern Bell Tel. Co. v. DeLanney,* 809 S.W.2d 493, 495 (Tex.1991) (Gonzalez, J., concurring). The test appears to be whether the defendant's conduct would give rise to liability independent of the fact that a contract exists "between the parties" or would liability exist only because the defendant's conduct "breaches the parties' agreement." *Id.* at 494.

■ The *Southwestern Bell* court stated that it is also helpful to look at the nature of the plaintiff's injury. "When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone." *Id.* at 495 (quoting *Jim Walter Homes, Inc. v. Reed,* 711 S.W.2d 617, 618 (Tex.1986)). In a recent oil and gas case, the Texas Court of Appeals rejected the plaintiff lessor's fraud claim because the plaintiff had failed to prove any injury apart from that caused by the defendant lessee's breach of the implied covenant to prevent drainage. *Grace Petroleum Corp. v. Williamson,* 906 S.W.2d 66 (Tex.App.—Tyler 1995).

■ Defendants emphasize that the only injury allegedly resulting from Lange's and Hunter's actions is the gas lost to drainage, which is the same injury resulting from Chevron's breach of the implied covenant to prevent drainage.[1] Likewise, Plaintiffs' damages for fraud are the same as those for the breach of the implied covenant—the value of the gas drained. Because Plaintiffs have failed to allege injury and damages attributable solely to the alleged fraud, the argument goes, this claim sounds entirely in contract and not in tort.

Unlike the defendants in *Southwestern Bell, Jim Walter Homes,* and *Grace Petroleum Co.,* however, Lange and Hunter were not parties to a contract with Plaintiffs. The existence of a contractual relationship between the plaintiff and the defendant tortfeasor appears to have been pivotal in the decision of those cases. It is problematical to say that Plaintiffs' injury is only "economic loss to the subject of the contract" or that Plaintiffs' damages are entirely contractual in nature when the alleged tortfeasors were not parties to the lease.

At least one Texas appellate decision has stated that an agent owes a duty to avoid committing negligent or fraudulent acts in performing a contract for his principal if it is reasonably foreseeable that the act can cause harm to the party with whom the principal has contracted. *Maintenance, Inc. v. ITT Hartford Group, Inc.,* 895 S.W.2d 816, 819 (Tex.App.—Texarkana 1995).[2] Under this authority, it is at least arguable that Texas law recognizes Plaintiffs' cause of action against Lange and Hunter.

Whether Plaintiffs' fraud claim against Hunter and Lange is a separate and independent tort under state law presents a close question. The parties thoroughly briefed the issue and presented compelling arguments. After much deliberation, the court is not persuaded that Plaintiffs will not be able to establish a valid claim under Texas law. Because district courts must resolve all uncertainties in the current state of substantive law in favor of the plaintiff, *see B. Inc.,* 663 F.2d at 549, Defendants' arguments must fail.

1. Plaintiffs have since moved for leave to amend their pleadings to allege emotional suffering resulting from Lange's and Hunter's alleged fraud. Because removal jurisdiction must be judged at the time the notice of removal is filed, *Beighley v. F.D.I.C.,* 868 F.2d 776, 780 (5th Cir.1989), the Court cannot consider these newly-alleged damages.

2. The *Maintenance, Inc.,* opinion cites *Whitson Co. v. Bluff Creek Oil Co.,* 278 S.W.2d 339 (Tex. App.—Forth Worth 1955) *aff'd,* 156 Tex. 139, 293 S.W.2d 488 (1956), for the proposition that an agent is personally liable for his own torts while acting on behalf of the principal. In *Whitson Co.,* the plaintiffs sued the buyer of a royalty interest who subsequently assumed control of the well operations. The plaintiffs alleged that the defendants negligently destroyed the wells and the value of the mineral lease. Specifically, the plaintiffs claimed that their injuries resulted from orders given by the agent of the company's employees directing them to abandon the well. *Whitson Co.,* 278 S.W.2d at 344. The plaintiffs sued both the agent and the principal for the same injury. Importantly, in affirming the jury verdict against the agent and the corporation, the court of appeals held that agents were always personally liable for their own torts regardless of the principal's liability under the theory of respondeat superior. *Id.* at 347. Thus, Plaintiffs in our case may recover from the Hunter and Lange even if the corporation is liable for the same wrongs.

## II. *Misrepresentations.*

 Defendants also contend Lange and Hunter never made any misrepresentations to Plaintiffs. They submit the affidavit testimony of Lange and Hunter. Both claim that, "to the best of [their] knowledge," they never made any misrepresentations to Plaintiffs. Aff. Mark Lange p. 3; Aff. W.D. Hunter p. 3. However, Plaintiffs have submitted their own affidavits describing four separate misrepresentations Lange and Hunter allegedly made to them. Because all fact disputes must be resolved in favor of Plaintiffs, *see B. Inc.,* 663 F.2d at 551, Defendants' argument fails.

## III. *Detrimental Reliance.*

 Defendants argue that the drainage, *i.e.,* Plaintiffs' injury, had already commenced when Lange and Hunter allegedly made the fraudulent statements. Defendants rely on *Texas Cookie Co. v. Hendricks & Peralta,* 747 S.W.2d 873, 880 (Tex.App.—Corpus Christi 1988), which held that post-transaction misrepresentations are not subject to deceptive trade practice actions since "they generally could not have injured or adversely affected the plaintiff." *Id.* However, this drainage apparently occurred over a period of time, and according to Plaintiffs, had not ended before Lange and Hunter allegedly made their misrepresentations. *Texas Cookie Co.* is therefore distinguishable.

Plaintiffs state in their second round of affidavits that Lange and Hunter misrepresented to them that their gas was not being drained and that, even if it was being drained, drilling offset wells was impossible or impracticable. Plaintiffs maintain they detrimentally relied upon the misrepresentations by refraining from determining for themselves whether their gas was being drained, and if so, taking action to stop the drainage. Consequently, the drainage allegedly went on unabated for several months resulting in the loss of gas and lost royalties to Plaintiffs. Because factual disputes are resolved in favor of Plaintiffs, Defendants' final argument fails.

The Court concludes that Defendants Lange and Hunter were not fraudulently joined. Because these in-state defendants are real parties in this suit, the Court lacks subject-matter jurisdiction under 28 U.S.C. §§ 1441(a) and 1332(a). Plaintiffs' motion to remand is GRANTED.