**Tommy Joe JACKSON and Terry Joe Groom**

v.

**DOLE FRESH FRUIT CO., Tommy Thompson, Steve Babich and George C. Barley.**

No. G–95–768.

United States District Court, S.D. Texas, Galveston Division.

April 8, 1996.

Thomas Lee Bartlett, Houston, TX, for Tommy Joe Jackson and Terry Joe Groom.

Jeffrey J. Joyce, Jones Day Reavis & Pogue, Dallas, TX, James Stanley Teater, Dallas, TX, for Dole Fresh Fruit Co.

Jeffrey J. Joyce, Jones, Day, Reavis & Pogue, Dallas, TX, for Tommy Thompson and Steve Babich.

John A. Barley, Barley & Associates, Tallahassee, FL, for George C. Barley.

### *ORDER OF REMAND*

KENT, District Judge.

The Plaintiffs, both citizens of Texas, commenced in this action in state court, asserting various state law claims against the Defendants. The Defendants removed the case to this Court on the basis of diversity of citizenship. The Court is now presented with the Plaintiffs' Motion to Remand, as well as Motions to Dismiss from Defendants Tommy Thompson, Steve Babich, and George Barley. For the reasons set forth below, the Motion to Remand is hereby **GRANTED.**

The claims asserted by the Plaintiffs in this action are founded solely on state law; no questions of federal law are involved. Therefore, removal was proper and this Court has jurisdiction over the action only if there is complete diversity of citizenship among the parties. While Steve Babich, one of the Defendants in this action, is a citizen of Texas, this Court may disregard his citizenship if, as the Defendants contend, he was joined as a Defendant primarily to defeat diversity jurisdiction. *See, e.g., Navarro Sav. Assoc. v. Lee,* 446 U.S. 458, 461, 100 S.Ct. 1779, 1782, 64 L.Ed.2d 425 (1980).

A party claiming another party has been joined solely to defeat the diversity jurisdiction of a court must show that there

is absolutely no possibility the Plaintiffs will be able to establish a cause of action against the in-state Defendant in state court. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir.1983), *cert. denied*, 464 U.S. 1039, 104 S.Ct. 701, 79 L.Ed.2d 166 (1984). In evaluating this claim, the Court must view all of the Plaintiffs' state court pleadings in the light most favorable to the Plaintiffs, resolving all contested issues of substantive fact in favor of the Plaintiffs. *Id.* The Court must remand the case if, after reviewing the relevant evidence submitted and resolving any ambiguities in the controlling state law in favor of the Plaintiffs, there appears any possibility that the Plaintiffs could recover against the in-state Defendants. The removing party at all times bears the burden of proving the alleged fraudulent joinder. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992). Keeping this standard in mind, the state court Petition and evidence [1] submitted by the Plaintiffs establish the following facts.

The Plaintiffs are experienced in the design, repair, replacement, and installation of various shipping and transportation equipment, including shipping containers. Dole initially hired the Plaintiffs to repair damaged sidewalls of its containers. Because Dole needed to develop an alternative source for replacement panels for its containers, it later inquired as to whether it would be feasible for the Plaintiffs to develop a prototype replacement panel that could be produced for Dole. Dole informed the Plaintiffs that it would be interested in negotiating an agreement with them if the Plaintiffs could develop the replacement panel. *See* Plaintiffs' Original Petition at 4–5.

To facilitate the feasibility study, the Plaintiffs obtained, with Dole's approval, a larger facility in Chilton, Texas, which could accommodate their development and production of the replacement panels. During the initial phases of the feasibility study, Defendant Thompson, Dole's vice-president responsible for maintenance and repair, asked the Plaintiffs to produce a chassis that would be compatible with Dole's shipping containers and the replacement panels the Plaintiffs intended to develop. Original Petition at 6. The Plaintiffs, Thompson, and Defendant Babich, Dole's regional manager for maintenance and repair, entered into a joint venture to develop the prototype chassis. While Thompson and Babich were both Dole employees, they entered into the joint venture with the Plaintiffs in their individual capacities. *See* Affidavit of Tommy Joe Jackson at 3. Thompson, Babich, and the Plaintiffs each contributed $3,000 to the venture, and retained Pat Lindsay to assist in the development of the chassis. *Id.* Thompson and Babich assisted Lindsay in the development of the chassis until Thompson obtained Lindsay's blueprints, at which time Thompson stopped the project. Lindsay then sued, and Thompson and Babich forwarded $6,200 to Groom to cover their portion of the legal expenses involved. Original Petition at 6; Jackson Affidavit at 4.

Thompson then instructed the Plaintiffs to refocus their efforts on developing the replacement panels for Dole. To complete their feasibility study, the Plaintiffs designed and had fabricated a press to be used to stamp the metal skins for the replacement panels. After Thompson and Babich inspected the press and made certain adjustments, the Plaintiffs concluded it was feasible for them to develop and produce replacement panels for Dole, and communicated these conclusions to Dole. Original Petition at 6; Jackson Affidavit at 5.

Thompson, Babich, and Defendant Barley [2] then went to Chilton to inspect the Plaintiffs' production facility. On behalf of

---

1. While the Defendants contend the Court can consider only the allegations in the Plaintiffs' state court Petition, the Fifth Circuit has specifically endorsed "a summary judgment-like procedure for disposing of fraudulent joinder claims," including the use of affidavits. *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir.1995); *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990). Thus, the Court will consider the allegations in the Plaintiffs' Petition and any facts presented by way of affidavit that are generally consistent with the allegations of the petition.

2. Barley apparently is not an employee of Dole, but serves as an independent consultant to Dole. *See* Original Petition at 3.

Dole, Thompson negotiated a requirements contract for the production of specially manufactured replacement panels to be used to repair Dole's shipping containers. The agreement provided that Dole would purchase from the Plaintiffs all of the replacement panels its transportation department required if the Plaintiffs developed a panel that satisfied Dole's specifications and was certified by the American Bureau of Shipping (ABS). The parties agreed upon all essential terms of the contract, including price, quantity, description of the goods, and terms of delivery and payment. Original Petition at 7; Jackson Affidavit at 5. After the agreement was reached, Thompson requested that the Plaintiffs retain Barley as their exclusive distributor and marketing representative. The Plaintiffs stated they would consider the request and reach a decision at a later time. Original Petition at 8; Jackson Affidavit at 6.

The Plaintiffs then devoted a substantial amount of time and money to the development of the prototype replacement panel, ultimately developing two full size prototype panels and two mini-prototypes. Barley, who initially assumed responsibility for obtaining ABS certification of the replacement panel, improperly tested the panel, and the panel was damaged. Nonetheless, in accordance with its agreement with the Plaintiffs, Dole paid the costs of this first test of the panel. After a second test of the panel performed in accordance with ABS testing protocol, the ABS certified the replacement panel. Dole again paid the costs associated with this test. The development and certification of the replacement panel triggered Dole's obligations under the requirements contract. Original Petition at 9–10; Jackson Affidavit at 7–8.

When the Plaintiffs gave Babich a copy of the ABS certification, he again asked whether the Plaintiffs intended to retain Barley. The Plaintiffs had decided not to use Barley after they learned on his involvement in a kick-back scheme with Thompson and Babich. Jackson Affidavit at 9–10. After learning that the Plaintiffs did not intend to retain Barley, Thompson delayed the commencement of Dole's performance under the agreement. Original Petition at 11; Jackson Affidavit at 9–10. Instead of issuing purchase orders as promised, Dole instead began negotiating with other companies to produce replacement panels. Dole provided these these companies with proprietary information and technology belonging to the Plaintiffs, in violation of a Confidentiality Agreement entered into by Dole and the Plaintiffs. The Plaintiffs then brought this action against the Defendants, asserting claims of breach of contract, breach of implied warranty, promissory estoppel, negligent misrepresentation, conversion, breach of confidentiality agreement, fraud, conspiracy, and quantum meruit.

While the Plaintiffs' specific conspiracy allegation is drafted somewhat broadly, *see* Original Petition at 17–18, after considering the other allegations in the Petition, the Court concludes that the conspiracy allegation refers to a conspiracy to interfere with the contract with Dole. *See* Fed.R.Civ.Pro. 8(f) ("All pleadings shall be so construed as to do substantial justice."). Based on the facts recited above, the Court concludes there is a possibility that the Plaintiffs can recover on their conspiracy claim against Babich; thus, the Plaintiffs' Motion to Remand must be granted.[3]

Texas recognizes a cause of action for tortious interference against a third party who wrongly induces a contracting party to breach the contract. *Holloway v. Skinner*, 898 S.W.2d 793, 794–95 (Tex.1995). To recover on a tortious interference claim, the plaintiff must establish (1) the existence of a contract subject to interference; (2) the occurrence of a willful and intentional act of interference; (3) actual damages or loss; and (4) that the act was a proximate cause of the plaintiff's damages. *Id.* at 795–96; *Browning–Ferris, Inc. v. Reyna*, 865 S.W.2d 925, 926 (Tex.1993). The person who induces the breach cannot be a party to the contract, or every breach of contract claim would be con-

---

**3.** Because the Court concludes a remand is required based on the conspiracy claim, the Court need not and does not consider whether the other claims asserted against Babich are viable under Texas law.

verted into a tortious interference claim. *Holloway*, 898 S.W.2d at 795.

■ The rule that a party cannot tortiously interfere with his own contract is of particular importance when the contracting party is a corporation and the third party accused of interfering with the contract is an agent of the corporation. A corporation can act only through its agents, and acts of the agent are generally deemed to be acts of the corporation. To hold a corporate agent liable every time he recommends or implements a breach of contract by his corporate employer would effectively hold the corporation liable for interfering with its own contract. Therefore, a plaintiff can recover in a tortious interference claim against an agent of the contracting corporation only if he establishes that the agent acted in a manner "so contrary to the corporations best interests that his actions could only have been motivated by personal interests." *Holloway*, 898 S.W.2d at 796. While the burden on the plaintiff in such a case is a heavy one, after reviewing the pleadings in this case in the light most favorable to the Plaintiffs and resolving any factual disputes in favor of the Plaintiffs, the Court concludes there is a possibility the Plaintiffs can establish this cause of action against Babich in state court.

First, the state court Petition and the Jackson Affidavit establish that Thompson, Babich, and the Plaintiffs entered into a joint venture to develop a prototype chassis, and that they used Dole's time and equipment to work on the development of the chassis. These facts clearly establish that Babich was not acting solely on behalf of Dole during the course of his relationship with the Plaintiffs. Moreover, the Petition and Affidavit estab-

lish that Thompson and Babich were involved in a kick-back scheme with Barley. Thus, their request that the Plaintiffs use Barley as their distributor gives rise to the reasonable inference that they were not acting in Dole's best interest when negotiating the replacement panel agreement with the Plaintiffs. Finally, the allegations that Dole did not commence performance under the contract after the Plaintiffs informed Thompson and Babich that they did not intend to use Barley's services gives rise to the inference that Thompson and Babich induced Dole's breach so that they could find a manufacturer that would use Barley's services. Clearly, if the Plaintiffs can support these allegations at trial, there is more than a possibility that Babich could be found to have tortiously interfered with the contract between the Plaintiffs and Dole.[4]

The Defendants argue that the only claim the Plaintiffs may have is against Dole for breach of contract, and that breach of a contractual duty cannot give rise to a tort claim, relying primarily on *Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex.1991). In *DeLanney*, the plaintiff had a contract with the defendant obligating the defendant to print the plaintiff's "yellow pages" advertisement. When the defendant failed to print the advertisement, the plaintiff sued, alleging negligence and a violation of the Texas Deceptive Practices Act. 809 S.W.2d at 493–94. The Texas Supreme Court held that the plaintiff could not state a tort claim against the defendant, because the plaintiff sought damages for breach of duty created only by contract. *Id.* at 494. The court stated that if the defendant's conduct would give rise to liability independent of the fact that a contract exists between the par-

---

**4.** The Defendants contend that the Plaintiffs' claims against Thompson and Babich cannot be maintained in the face of the allegation in their Petition that Thompson and Babich were acting in the course and scope of their employment with Dole. The Court disagrees. In *Holloway*, the Texas Supreme Court rejected a "scope of authority" test as the measure of a corporate agent's liability for tortious interference with a contract of his corporate employer, stating "we can conceive of other scenarios in which a corporate agent, while acting within the scope of his general authority, might pursue purely selfish interests in inducing a breach of the corpora-

tion's contract." 898 S.W.2d at 797. Thus, the allegation that Thompson and Babich acted within the scope of their authority does not defeat the tortious interference claims against them. Moreover, construing the allegation in the light most favorable to the Plaintiffs, as this Court must do, the allegation establishes nothing more than the fact that the entering into and breaching of the contract were effectuated through Thompson and Babich as Dole's agents. The allegation simply does not address whether Thompson and Babich acted solely in their own interests when *inducing* Dole to breach the contract.

ties, the plaintiff may have claims sounding in tort and in contract. However, if the defendant's conduct gives rise to liability "only because it breaches the parties' agreement, the plaintiff's claim ordinarily sounds only in contract." *Id.* at 494.

■ Clearly, the rule applied in *DeLanney* is inapplicable to the Plaintiffs' tortious interference claim against Babich. Because there is no contract between Babich and the Plaintiffs, it can hardly be said that the duty Babich allegedly breached arose from a contract. *Cf. Juarez v. Chevron USA, Inc.,* 911 F.Supp. 257, 260 (S.D.Tex.1995) (concluding that tort claims asserted against Chevron employees were independent from breach of lease claims asserted against Chevron, and noting it is "problematical to say that … Plaintiffs' damages are entirely contractual in nature when the alleged tortfeasors were not parties to the lease."). As *Holloway* makes clear, an agent of a corporation has a duty not to interfere with contracts of the corporation in furtherance of the agent's interests at the expense of the corporation's interests. Thus, the Plaintiffs' claim against Babich is founded on breach of a duty imposed by law, and is completely separate from its breach of contract claim against Dole. Moreover, to conclude that any claim of tortious interference with a contract asserted against an agent of the contracting corporation is subsumed within the breach of contract claim against the corporation would render unnecessary the rule set forth in *Holloway* regarding an agent's liability for tortious interference. Thus, the Court concludes the Plaintiffs are not prohibited from asserting their conspiracy to induce a breach of contract claim against Babich. *See B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 554–55 (5th Cir.1981) (rejecting argument that plaintiff could only state breach of contract claim, and concluding that, under Texas law, there was possibility that plaintiff could recover on claim of conspiracy to induce breach of contract).

While it is a close question, the Court concludes there is a possibility that the Plaintiffs can establish their conspiracy to induce a breach of contract claim against Babich in state court. Thus, Babich is a proper Defendant in this action. Because Babich and the Plaintiffs are Texas residents, diversity jurisdiction does not exist in this case, and the Court lacks subject matter jurisdiction over the action. Accordingly, the Plaintiffs' Motion to Remand is hereby **GRANTED,** and this case is remanded to the 239th Judicial District of the District Court of Brazoria County, Texas, for **WANT OF SUBJECT MATTER JURISDICTION.**[5] It is hereby **ORDERED** that the parties file no further pleadings in this Court, including Motions to Reconsider and the like; rather, the parties are instructed to seek any further relief to which they feel themselves entitled in the courts of the State of Texas, as may be appropriate in due course.[6] Given the close questions involved in this case, the Court declines to assess costs against the Defendants, and all parties are **ORDERED** to bear their own costs incurred herein to date.

**IT IS SO ORDERED.**

5. Based on the Court's disposition of the Motion to Remand, Defendant Babich's Motion to Dismiss is **DENIED** to the extent he contends that the Plaintiffs cannot recover on their conspiracy claim. However, the Court has not considered the remaining issues raised in Babich's Motion, nor has it considered the issues raised in Thompson's and Barley's Motions to Dismiss. These issues are more properly resolved in state court, and the Court leaves the disposition of these matters to the state court. The Plaintiffs' Motion for Abatement is therefore **DENIED AS MOOT.**

6. *See* 28 U.S.C. § 1447(d) (denying appellate review of a Remand Order based on lack of subject matter jurisdiction.)