**Robert TAYLOR, Plaintiff,**

**v.**

**Charles RUSSELL and Charles Stracener, Defendants.**

**No. 2:00–CV–104(TJW).**

United States District Court,
E.D. Texas,
Marshall Division.

Oct. 24, 2001.

Stephen Eldred Smith, Attorney at Law, Longview, TX, for plaintiff.

Walter Clyde Brocato, Attorney General Office, Austin, TX, for defendants.

## MEMORANDUM OPINION AND ORDER

WARD, District Judge.

Plaintiff, Robert Taylor, brings this action against Defendants Charles Russell and Charles Stracener, in their individual capacities, complaining about disputes surrounding his 1999 Upshur County right-of-way mowing contract. Specifically, Plaintiff alleges an equal protection violation under 42 U.S.C. § 1983 and a state law claim for tortious interference with contract or business relations. However, because Plaintiff's claims fail as a matter of law, the Court GRANTS Defendants' Motion for Summary Judgment (# 24).

### Background

Plaintiff is an independent contractor engaged in the business of mowing highway right-of-ways for the State of Texas. Defendants Russell is a District Engineer for the Texas Department of Transportation (TXDOT). Defendant Stracener is a mowing inspector for TXDOT. Both work out of TXDOT's Atlanta District.

After competitive bidding, Plaintiff was awarded the 1999 mowing contract for Upshur County, Texas. Plaintiff's contract was for Type II "full width" mowing as modified by the Atlanta District's "modified full width mowing policy." After commencing performance of the 1999 contract, disagreements arose between Plaintiff and Defendants regarding which portions of the right-of-way Plaintiff was required to mow. Confrontations also ensued over Plaintiff's payroll records and "penalties" Plaintiff was charged for allegedly striking signs and mailboxes with his mowing equipment. Because of these disputes, Plaintiff filed this action seeking actual and punitive damages, alleging a § 1983 equal protection violation and a state law claim for tortious interference with contract or business relations. Defendants move for summary judgment asserting the defense of qualified immunity and that Plaintiff's tortious interference claim fails as a matter of law. As Defendants' assertions are of substantial merit, summary judgment is appropriate.

### Standard of Review

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ. P.56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment is appropriate in *any* case where the critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994). However, all evidence and the reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

The party moving for summary judgment bears the initial burden of identifying those portions of the summary judgment evidence which it believes demonstrates the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. Where the nonmoving party bears the burden of proof on a claim upon which summary judgment is sought, the moving party may discharge its summary judgment burden by showing that there is an

absence of evidence to support the non-moving party's case. *Id.* at 325, 106 S.Ct. 2548. Once the moving party has satisfied this burden, the nonmoving party must go beyond the pleadings and by its own affidavits or by depositions, answers to interrogatories, and admissions on file set forth specific facts showing a genuine issue for trial. *Id.* at 324, 106 S.Ct. 2548; *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256–57, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548.

## Plaintiff's § 1983 Equal Protection Claim

Plaintiff alleges that Defendants arbitrarily forced him to perform full width mowing, not the modified full width mowing described in his contract, and that he was the only mower in the Atlanta District forced to undertake such a task. Therefore, Plaintiff seeks to establish liability for an equal protection violation, not based upon his membership in a protected class, but because he has been intentionally treated differently from others similarly situated without a rational basis for the disparate treatment. In defense of Plaintiff's equal protection claims, Defendants assert qualified immunity.

### 1. Qualified Immunity.

"Qualified" or "good faith" immunity shields government officials performing discretionary functions from liability "unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Babb v. Dorman,* 33 F.3d 472, 477 (5th Cir.1994) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727,

73 L.Ed.2d 396 (1982)). In *Siegert v. Gilley,* 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991), the United States Supreme Court set forth the analytical framework for determining whether a plaintiff's allegations are sufficient to overcome a defendant's defense of qualified immunity. As a threshold matter, the Court must first determine whether the plaintiff has alleged a violation of a clearly established constitutional right. *Siegert,* 500 U.S. at 231–232, 111 S.Ct. 1789. If the plaintiff is successful, the Court must then determine whether the defendants conduct was objectively reasonable in light of the clearly established law at the time of the alleged violation. *Spann v. Rainey,* 987 F.2d 1110, 1114 (5th Cir.1993); *see also Anderson v. Creighton,* 483 U.S. 635, 639, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). In this case, the first prong of this analysis is dispositive, as Plaintiff has not alleged a violation of a clearly established constitutional right.

### 2. The Violation Plaintiff Alleges Was Not Clearly Established in 1999.

A constitutional right is clearly established if, based on pre-existing law, the unlawfulness of the conduct in question is apparent. *Doe v. Taylor Independent School Dist.,* 15 F.3d 443, 445 (5th Cir. 1994)(en banc). In other words, the right is clearly established if its "contours ... [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). This Court conducts a "snapshot" inquiry to determine whether at the time of the official's alleged improper conduct the constitutional violation alleged was clearly established. *See Anderson,* 483 U.S. at 639, 107 S.Ct. 3034. In making this determination, this Court is confined to precedent from the ·

Fifth Circuit and the Supreme Court. *Boddie v. City of Columbus*, 989 F.2d 745, 748 (5th Cir.1993).

■ Plaintiff's allegations in his Second Amended Complaint are that Defendants arbitrarily, intentionally, and motivated by ill-will treated him differently than other similarly situated mowers in the Atlanta District. These allegations present an equal protection claim by a class of one for disparate treatment not founded upon Plaintiff's membership in a protected class. Accordingly, this Court must determine whether such a constitutional violation was clearly established in 1999, the year in which the parties agree Defendants' alleged unconstitutional conduct occurred.

In *Village of Willowbrook v. Olech*, 528 U.S. 562, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000), the Supreme Court recognized that equal protection claims may be brought "by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.* at 564, 120 S.Ct. 1073. Prior to *Village of Willowbrook*, it was generally understood in this circuit that an equal protection claim could only succeed if the disparate treatment at issue was premised upon a person's membership in a protected class or invocation of a constitutional right. *See Bryan v. City of Madison*, 213 F.3d 267, 277 (5th Cir.2000); *Summers v. City of Raymond*, 105 F.Supp.2d 549, 551 (S.D.Miss.2000). In fact, the Fifth Circuit stated in *Bryan v. City of Madison* that it had "never specifically addressed whether [personal vindictiveness] would be enough to support an equal protection claim without some other class-based discrimination." 213 F.3d at 277 n. 18. Thus, prior to *Village of Willowbrook*, which was decided February 23, 2000, it was not clearly established in this circuit that arbitrary, intentional, and personally vindictive disparate treatment, not based upon a persons membership in a protected class, was sufficient to make out an equal protection violation.

Therefore, since the conduct Plaintiff complains of took place in 1999, Plaintiff has not alleged a violation of a clearly established constitutional right. Hence, Defendants enjoy qualified immunity and are entitled to summary judgment on Plaintiff's § 1983 claims.

**Plaintiff's Tortious Interference with Contract Claims**

Plaintiff also asserts a state law claim for tortious interference with contract or business relations. Specifically, Plaintiff alleges Defendants intentionally and willfully interfered with Plaintiff's mowing contract and caused damage to his business as a result. However, because Defendants are agents of a party to the contract alleged to have been interfered with, this claim also fails as a matter of law.

■ Texas recognizes a cause of action for tortious interference with contract against a third party who wrongfully induces a contracting party to breach a contract. *Holloway v. Skinner*, 898 S.W.2d 793, 794–95 (Tex.1995). To recover on a tortious interference claim, the plaintiff must establish (1) the existence of a contract subject to interference; (2) the occurrence of a willful and intentional act of interference; (3) actual damages or loss; and (4) that the act was a proximate cause of the plaintiff's damages. *Id.* at 795–96. However, the person who interferes with the contract cannot be a party to the contract, or every breach of contract claim would be converted into a tortious interference claim. *Id.*

■ The rule that a party cannot tortiously interfere with his own contract is of particular importance when the con-

tracting party is the State of Texas and the third party accused of interfering with the contract is an agent of the State. The State can only act through its agents, and acts of the agent are generally deemed to be acts of the State. To hold the agent liable every time he acts in relation to the contractual relationship would essentially hold the State liable for interfering with its own contract. *See Jackson v. Dole Fresh Fruit Co.,* 921 F.Supp. 454, 458 (S.D.Tex. 1996) (applying same rule in the corporation/agent context). Therefore, a plaintiff can recover in a tortious interference claim against an agent of the State only if he establishes that the agent acted in a manner "so contrary to the [State's] best interests that his actions could only have been motivated by personal interests." *Holloway,* 898 S.W.2d at 796. Yet, Plaintiff fails to advance any competent summary judgment evidence demonstrating a fact issue on this point. Instead, Plaintiff makes the observation that the summary judgment proof does not establish as a matter of law that Defendants were *not* pursing purely personal objectives. That is not the test.

■ The allegations in Plaintiff's Second Amended Complaint and the uncontroverted summary judgment evidence submitted in this case demonstrate that Defendants were acting as agents and/or employees of TXDOT when they engaged in the conduct forming the basis of Plaintiff's complaint. Therefore, even if Plaintiff's allegations about Defendants' conduct are true, they do not give rise to a tortious interference cause of action absent an allegation and some evidence of a motivating personal interest. Accordingly, no genuine issue of material fact exists and Defendants are entitled to summary judgment on Plaintiff's state law claim as well.

For these reasons, the Court GRANTS Defendants' Motion for Summary Judg-

ment and DISMISSES Plaintiff's claims with prejudice.